## Henry D. Hebert v. Emma V. Hebert.

### Gen. No. 4,441.

1. IMPOTENCY—*when deemed established.* Held, from the particular evidence in this case, that the incurable impotency of the defendant was established and entitled the complainant to a decree of divorce.

Divorce proceeding. Appeal from the Circuit Court of Ogle County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

GEORGE D. O'BRIEN and D. W. BAXTER, for appellant.

A. G. HARRIS and J. C. SEYSTER, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellant and appellee were married April 16, 1901, and lived together till February 20, 1904. They lived in the family of appellee's parents, each family bearing its proportion of the expenses. About February 20, 1904, appellee left home to be gone a few days and on the 23rd of the same month wrote appellant to find him another home, as she had decided to be his wife no longer. In her letter she said: "This is not a recent decision on my part, as I have been contemplating taking this step for months, in fact I was on the verge of doing this the first fall after marriage, for reasons that need no explanation more than to say, strictly speaking, you have never been able to perform the functions of a husband or to provide for all of my material welfare." A few days after receipt of this letter, appellant left his father-in-law's home as directed, and afterwards appellee returned home and instituted suit for divorce. The bill charged that appellant was impotent and that his condition was incurable. The answer denies this charge. The cause was heard before the court and a decree entered finding that appellant was at the time of the marriage impotent, that the marriage had never been consummated by sexual intercourse and that defendant's condition

of impotency was incurable. A divorce was granted complainant and from that decree this appeal is prosecuted.

While the only question raised by this appeal is as to the sufficiency of the evidence to warrant the decree, we shall not undertake to set out the testimony. Appellant does not claim the act of complete intercourse was ever consummated with his wife, but his testimony was that this was prevented by some obstruction or malformation of appellee's parts, and was in no way due to any defect in him. Appellee's testimony was that he was incapable of performing the act and that after several unsuccessful attempts, he ceased any effort in that respect and told her he was impotent. Both parties are agreed that although they lived together nearly three years, after the first few months of their married life, no effort was made to consummate the marriage by sexual intercourse. Appellant claims appellee in addition to physical defects, was cold and indifferent, and that he became "completely disgusted with her indifference and told her that when she wanted sexual intercourse she should ask for it." This in addition to being an unnatural attitude for a normal man to assume for so long a period of time, is not in harmony with the proven desire and anxiety of appellee to bear children. Dr. Garrison, a lady physician, testified she had treated appellee for a slight ailment before her marriage and had examined her afterwards, and that she was normal and capable of complete sexual intercourse. Appellee testified that appellant had taken treatment for impotency. This he denied and claimed the treatment was taken for kidney trouble. Appellee's father and mother, more especially her father, testified to a conversation with appellant after he had received the letter from appellee, in which he stated, though this is denied by appellant, that he was to blame but thought his wife's christian character would overcome all difficulty.

We refrain from quoting or discussing the testimony as to appellant's condition or the supposed causes of it, further than to say that appellee's proof tended to show it was incurable. Appellant was at the time of his marriage to ap-

pellee about forty-six years old. He had married before and had two children by the former marriage, but had been a widower for ten years before he married appellee. Assuming his condition to be as testified by appellant, medical witnesses gave it as their opinion that it was incurable. The testimony of the parties to the suit was highly conflicting, but appellee was corroborated in her testimony that she was a normal woman, capable of sustaining full sexual relations, by Dr. Garrison. It being admitted by both parties that such relations had never been sustained, we cannot say the court was not justified in finding the fault lay with appellant. In Heyman v. Heyman, 210 Ill. 524, the court said: "When the testimony is conflicting, and the conclusions to be drawn from it depend largely upon the credit which should be accorded to the different witnesses, and the weight and value of their testimony, and when the chancellor has a superior opportunity for forming an opinion as to the relative merit and weight of the testimony given by the several witnesses, whom he sees, and whose testimony he hears, his findings will not be reversed where it appears, as it does here, that he has not clearly and unmistakably fallen into error."

We cannot say the chancellor palpably and unmistakably erred in finding the proofs sustained the allegations of complainant's bill, and the decree is therefore affirmed.

*Affirmed.*